O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3078 PSG (PLAx) | Date | May 12, 2009 |
|---|---|---|---|
| Title | Laura Kieffer v. Unum Life Insurance Company of America, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     **(In Chambers) Remand Order**

On May 1, 2009, this action was removed to this Court on the basis of diversity jurisdiction. Plaintiff Laura Kieffer is a citizen of California. Defendants are Unum Life Insurance Company of America ("Unum"), Paul Revere Life Insurance Company ("Paul Revere"), and Luga Podesta. Podesta is a citizen of California and did not join in the Notice of Removal. Removing defendants Unum and Paul Revere claim that Podesta was fraudulently joined in order to defeat diversity.[1]

Joinder is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). If there is *any possibility* of recovery against the party in question, then joinder is not fraudulent. William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:672 (The Rutter Group 2008). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001). Any ambiguities and legal or factual questions must be resolved in the plaintiff's favor. Schwarzer, et al. §§ 2.672.1 and 2:682.5.

In the instant case, Plaintiff has asserted two causes of action against Podesta: (1)

---

[1] Even if Podesta was fraudulently joined, the Notice of Removal is deficient because it fails to state Unum's and Paul Revere's principal place of business. *See* 28 U.S.C. § 1332(c).

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3078 PSG (PLAx) | Date | May 12, 2009 |
|---|---|---|---|
| Title | Laura Kieffer v. Unum Life Insurance Company of America, et al. | | |

conspiracy and (2) intentional infliction of emotional distress.  Plaintiff alleges that Unum and Paul Revere wrongfully terminated Plaintiff's disability benefits.  According to the complaint, Defendants "knowingly and willfully conspire[d] between themselves to defraud Plaintiff and to deprive and deny plaintiff of her exclusive right to obtain future disability benefits by stating that the conditions which plaintiff was being treated for did not render her disabled."  Plaintiff alleges that Podesta prepared a false report in which he stated that he had fully examined Plaintiff, when in fact he had not done so, and further falsely stated that Plaintiff was not disabled.

Defendants argue that there can be no conspiracy liability on Podesta's part because he was acting as an agent of Paul Revere.  No cause of action for conspiracy will lie against an individual "who was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty."  *Doctors' Co. v. Sup. Ct.*, 49 Cal. 3d 39, 44, 260 Cal. Rptr. 183 (1989).  Thus, an individual acting as an agent of an insurance company cannot be held liable for conspiracy when the plaintiff has only alleged a breach of the duty of good faith and fair dealing or breach of a statutory duty that is exclusive to the insurer.  *Id.* at 45.  However, the agent may be liable for breach of a duty owed to the plaintiff that is independent from the insurance contract.  *Id.* at 45-47.  Here, the complaint alleges that Defendants engaged in conspiracy to commit fraud.  Podesta had a personal duty to abstain from injuring Plaintiff through misrepresentation, independent of the insurer's implied covenant of good faith and fair dealing.  *See id*. at 47-48.

Thus, Plaintiff has stated a colorable claim against Podesta.  *See Hall v. Laser Therapy Prods., LLC*, No. CV F 08-1905, 2009 WL 257411, at *4 (E.D. Cal. Feb. 4, 2009); *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425-26 (4th Cir. 1999) ("[U]ltimate success is not required to defeat removal.  Rather, there need be only a slight possibility of a right to relief.  Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."); *Cavallini v. State Farm Mut. Auto Inst. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.").  While Plaintiff may not ultimately prevail, the removing Defendants have not shown that there is *no possibility* of recovery against Podesta.  Accordingly, Podesta was not fraudulently joined, and diversity

O
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3078 PSG (PLAx) | Date | May 12, 2009 |
|---|---|---|---|
| Title | Laura Kieffer v. Unum Life Insurance Company of America, et al. | | |

jurisdiction does not exist.[2]  This action is REMANDED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[2] Thus, the Court need not consider whether Plaintiff has stated an IIED claim against Podesta.